IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Quantum Leap Charters, LLC, | ) | Case No.: 4:24-cv-00271-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM ORDER AND** |
| Estate of O.K., | ) | **OPINION** |
| | ) | |
| _____Defendant,_____ | ) | |
| Brad Knighton, individually and as the Personal | ) | |
| Representative of The Estate of O.K., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Powers and M/V Fear Knot, in rem, | ) | |
| | ) | |
| Third-Party Defendant, | ) | |
| | ) | |
| Britney Knighton, individually and as the Guardian | ) | |
| and Parent of O.B.K. And B.E.K., Minors, and of | ) | |
| Brad Knighton as the Guardian and Parent of O.B.K. | ) | |
| and B.E.K., | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Powers, M/V Fear Knot, in rem, | ) | |
| | ) | |
| _____Third-Party Defendant,____ | ) | |
| Robert Powers, | ) | |
| | ) | |
| Fourth-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Edward Eldridge, | ) | |
| | ) | |
| Fourth-Party Defendant. | ) | |

This is an Admiralty and Maritime case. Fourth-Party Defendant Edward Eldridge ("Eldridge") moves for an Order pursuant to Federal Rule of Civil Procedure 12(f) to strike Fourth-Party Plaintiff Robert Powers' ("Powers") and Fifth-Party Plaintiff Quantum Leap Charters, LLC ("Quantum Leap") prayers for attorneys' fees (DE 69; DE 70; DE 71; DE 72). (DE 73; DE 74; DE 75; DE 76.) Eldridge also moves for an Order to strike Powers' and Quantum Leap's joint and several contribution claims. Neither Powers nor Quantum Leap have responded. The Court notes that the four motions (DE 73, 74, 75, and 76) are substantively identical, differing only as to the party against whom relief is sought. Accordingly, in the interest of judicial efficiency, the Court addresses the motions together.

For the reasons below, the Court grants Eldridge's Motions to Strike attorneys' fees and denies Eldridge's Motions to Strike the claim for contribution.[1]

## I.    BACKGROUND

These facts are taken from Fourth-Party Plaintiff Powers Amended Complaint (DE 69) and are accepted as true for purposes of addressing these motions. Powers is the captain of the vessel M/V Fear Knot, operated by Quantum Leap Charters, LLC. (DE 69, ¶¶ 66–67.) On July 19, 2023, Powers was operating the M/V Fear Knot on a charter expedition through the Intracoastal Waterway near Little River. (DE 69, ¶ 68.) Powers reduced the vessel's speed to navigate past a nearby fishing vessel safely and, after passing, increased his speed. (DE 69, ¶ 69.) At that point, he observed a

---

[1]     The Court notes that it has previously granted Fourth-Party Defendant Eldridge's Motion to Strike the prayer for attorneys' fees in Fourth-Party Plaintiff Powers' pleading (DE 28). The parties then amended their complaints, presenting the new issues before the Court.

recreational vessel operated by Edward Eldridge, the grandfather of the deceased minor, O.K., approaching the wake created by the M/V Fear Knot. (DE 69, ¶¶ 71–72.)

Powers signaled to Eldridge by waving three times to pass safely, but Eldridge allegedly made a reckless maneuver, steering his recreational vessel into the path of the M/V Fear Knot's wake. (DE 69, ¶¶ 83–84.) The recreational vessel, carrying twelve passengers, was destabilized by the wake, causing several passengers to be ejected, including O.K., who suffered fatal injuries. (DE 69, ¶¶ 85–87.) Powers asserts that neither he, the M/V Fear Knot, nor Quantum Leap Charters were at fault or contributed to the incident; rather, he contends that all liability lies with Eldridge. (DE 69, ¶¶ 91–92.)

Specifically, Powers and Quantum Leap allege that Eldridge failed to operate his vessel safely and prudently, failed to maintain a proper lookout, operated at an unsafe speed and distance, failed to avoid the wake, improperly positioned the passengers, failed to ensure their safety, and failed to engage the engine kill-switch lanyard. (DE 69, ¶¶ 80–89.) As a result, Powers and Quantum Leap claim that Eldridge's negligence directly and proximately caused the incident and resulting injuries. (DE 69, ¶¶ 91–92; DE 71, ¶¶ 91–92.) Powers and Quantum Leap filed amended complaints, seeking judgment assigning all or proportional liability to Eldridge for the damages arising from the incident. (DE 69, ¶ 101; DE 71, ¶ 99.) Powers and Quantum Leap also seek contribution from Eldridge, jointly and severally, as to any and all damages which may be adjudged owing to Claimants/Third-Party Plaintiffs plus "attorney's fees incurred in defending against

3

the claims brought by the Estate of O.K. and Britney Knighton & Brad Knighton, individually as guardians and parents of B.E.K. and O.B.K." (DE 69 at 106–107; DE 71 at 105–107.)[2]

## II.     LEGAL STANDARD

**Rule 12(f), Fed. R. Civ. P.**

Rule 12(f) provides that a court, acting on its own or on a motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. "Rule 12(f) empowers courts to strike immaterial matter to promote judicial efficiency and avoid needless expenditure of time and money." *Cnty. of Dorchester, S.C. v. AT & T Corp.*, 407 F. Supp. 3d 561, 565 (D.S.C. 2019) (internal quotations and citation omitted). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting another source). Therefore, "such motions are to be granted infrequently" and, upon review, "decisions that are reasonable, that is, not arbitrary, will not be overturned." *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 Fed. App'x. 239, 246–47 (4th Cir. 2007) (per curiam) (quoting another source). Nevertheless, "a [challenged matter] that might confuse the issues in the case and

---

[2]     The facts alleged in Fourth-Party Defendant Powers' Motion (DE 69) are identical to those in the three accompanying motions (DE 70; DE 71; DE 72). As such, only two of the motions are cited for brevity.

would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Mgt. Holdings, Inc.*, 252 F.3d at 347 (citation omitted).

However, "the Court notes the standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993). "It is well established that when ruling on a motion to strike, the court must view the pleading under attack in a light most favorable to the pleader." *Id.*; *see also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014). Additionally, "[w]here there is any question of fact or any substantial question of law, the court should refrain from acting until some later time when these issues can be more appropriately dealt with." *United States v. Fairchild Indus., Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991). "Accordingly, a motion to strike matter from an answer will not be granted, unless the moving party demonstrates that the challenged material is 'so unrelated to the plaintiff's claims as to be unworthy of any consideration . . . such that 'its presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Chao v. Hagemeyer N. Am., Inc.*, 2006 WL 8443655, at *2 (D.S.C. Oct. 20, 2006) (quoting another source).

### III.    DISCUSSION

**A.    Eldridge's Motion to Strike Attorneys' Fee Request**

Eldridge contends that Powers and Quantum Leap are not entitled to attorneys' fees and have not pleaded any statute or contract that would entitle them to such relief. This Court agrees. As an initial matter, the Court recognizes that motions to strike under Rule 12(f) are generally disfavored and are not always the typical vehicle for challenging a request for relief. Nevertheless, where a demand for

attorneys' fees is not recoverable as a matter of law, courts have exercised their discretion to strike such requests to streamline the issues for litigation. Accordingly, the Court will consider whether the challenged requests for attorneys' fees are legally cognizable under the facts alleged. "There is no statutory right to attorneys' fees in suits at admiralty." *Whorton v. Home Ins. Co.*, 724 F.2d 427, 431 (4th Cir. 1984). Additionally, attorneys' fees are not recoverable unless authorized by contract or statute. *See Jackson v. Speed*, 326 S.C. 289, 307, 486 S.E.2d 750, 759 (1997). Here, Powers and Quantum Leap have not identified a contract or statute that would provide a basis for recovering attorneys' fees in this case. Moreover, this issue has already been resolved in this litigation. The Court previously held that Fourth-Party Plaintiff Powers is not entitled to recover attorneys' fees as a matter of law. (DE 67.) Under the law-of-the-case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Columbia Gas Transmission, LLC v. RDFS, LLC*, 148 F.4th 163, 169 (4th Cir. 2025). The amended pleadings do not identify any new legal basis that would alter that conclusion. Accordingly, the Court adheres to its prior ruling and finds that the requests for attorneys' fees asserted by Powers and Quantum Leap are not recoverable as a matter of law.

Although limited exceptions exist under maritime law for attorneys' fees—such as where a party has acted in bad faith, vexatiously, or oppressively, or where sanctions are warranted under the Federal Rules of Civil Procedure, *see Whorton*, 724 F.2d at 431—the amended pleadings here allege no facts that would plausibly bring

this case within any such exception. Moreover, the Court's task under Rule 12(f) is to determine whether the challenged matter is legally cognizable or would needlessly complicate the proceedings. *See Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Because Powers and Quantum Leap identify no contractual, statutory, or recognized maritime basis for recovering attorneys' fees, and plead no facts supporting a recognized exception, their request for such relief is not recoverable as a matter of law. To the extent future misconduct could justify an award of fees, the Federal Rules already provide appropriate mechanisms for such relief at the proper time.

The Court is mindful that striking a pleading "is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). However, because the relief sought by Powers and Quantum Leap is not available to them as a matter of law under the facts currently alleged, their request for attorneys' fees is not recoverable as a matter of law and is therefore subject to being stricken, even under this exacting standard. Accordingly, Eldridge's motion to strike attorneys' fees is granted.

**B.    Eldridge's Motion to Strike Contribution**

Eldridge next contends that Powers and Quantum Leap may not assert claims seeking contribution and allocation of fault, including under principles of joint and several liability. Contribution is a remedy that arises when a tortfeasor pays more than his proportionate share of a judgment. The right of contribution is recognized in

non-collision maritime cases. *See Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106, 113 (1974).

Under general maritime law, liability among multiple tortfeasors is generally governed by principles of comparative fault, requiring allocation of damages in proportion to each party's degree of fault. *See United States v. Reliable Transfer Co.*, 421 U.S. 397, 411 (1975). At the same time, maritime law retains principles of joint and several liability as between the plaintiff and liable tortfeasors, such that a plaintiff may recover the full amount of damages from any one liable defendant. *See Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 271–73 (1979). These principles operate together such that, where multiple parties may be at fault, issues of comparative fault, joint and several liability, and contribution are inherently fact-dependent and not susceptible to resolution as a matter of law at the pleading stage.

Applying these principles here, the Court must determine whether the challenged claims are insufficient as a matter of law or would needlessly complicate the proceedings. *See Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). This case arises from a fatal maritime accident in which fault has not yet been determined and may involve multiple actors. Taking the allegations in the light most favorable to the pleader, Powers and Quantum Leap plausibly assert that Eldridge's conduct contributed, in whole or in part, to the incident. Whether, and to what extent, any party bears fault is a question that must be resolved on a developed factual record.

Accordingly, because the claims for contribution and allocation of fault are not insufficient as a matter of law and are fact-dependent, striking them at this stage would be inappropriate. *See Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993); *United States v. Fairchild Indus., Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991). Eldridge's motions to strike these claims are, therefore, denied.

### IV.    CONCLUSION

For the foregoing reasons, Fourth-Party Defendant Edward Eldridge's Motions to Strike (DE 73, 74, 75, and 76) are **GRANTED IN PART AND DENIED IN PART**.

The motions are **GRANTED** to the extent they seek to strike the prayers for attorneys' fees asserted by Fourth-Party Plaintiff Robert Powers and Fifth-Party Plaintiff Quantum Leap Charters, LLC.

The motions are **DENIED** to the extent they seek to strike the claims for contribution asserted by Fourth-Party Plaintiff Robert Powers and Fifth-Party Plaintiff Quantum Leap Charters, LLC.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

March 19, 2026
Florence, South Carolina

9